*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* DUPUIS, Minors

UNPUBLISHED
August 06, 2026
11:05 AM

No. 379439
St. Clair Circuit Court
Family Division
LC No. 25-000197-NA

Before: ACKERMAN, P.J., and BAZZI and LIEVENSE, JJ.

PER CURIAM.

Respondent-father appeals as of right the initial order of disposition relating to his children, MND and CMD, though his argument on appeal challenges the order of adjudication on which the trial court assumed temporary jurisdiction over MND and CMD under MCL 712A.2(b)(1) (subject to substantial risk of harm) and (2) (unfit home or environment). We affirm.

## I. FACTUAL BACKGROUND

This matter arose after Children's Protective Services (CPS) was contacted regarding allegations that MND's and CMD's biological mother "physically gripped [MND] by the neck during an argument" in late September 2025. CPS manager, Toni Schunk, contacted mother several days later, in early October, and advised her of CPS's joint investigation with law enforcement. Mother was "initially irate" and told Schunk to " 'just take her,' " referring to MND. About 15 minutes after mother received that call, respondent took MND out of school and verbally threatened, slapped, hit, and strangled MND in his truck in the school parking lot, where the abuse was captured on video. Respondent told MND: "I really want to kill you right now." He also said he would fight to keep custody of CMD but not MND. Respondent brought MND home and mother called the children's maternal grandmother to pick MND up. The grandmother contacted CPS and took MND for a medical exam. MND had several injuries to her face and head, but a CT brain scan revealed no abnormalities. Petitioner, the Department of Health and Human Services

-1-

(DHHS), offered a mandatory petition for removal, and respondent was charged with second-degree child abuse, MCL 750.136b(3).

On October 13, 2025, the trial court signed an ex parte order removing the children from respondent and mother's custody. At a preliminary hearing on the petition on October 14, 2025, respondent was represented by counsel and waived probable cause and a formal reading of the petition that contained the relevant allegations. After a preliminary hearing, the trial court authorized the petition for filing that same day and entered an order that included, among other things, supervised parenting time.

The court set the matter for an adjudication and initial disposition trial on December 10, 2025. At the adjudication hearing, respondent's counsel indicated respondent "is agreeable to consent to the court's temporary jurisdiction and enter a no contest plea to the petition." Counsel for DHHS agreed to accept the plea and use the allegations in the petition as a factual basis for adjudication, considering there were pending criminal charges against respondent arising from the same incident. The court explained to respondent the rights he was waiving and other consequences of his plea. Respondent indicated he understood the petition would be used as a factual basis to establish jurisdiction, and tendered his no-contest plea, which the court accepted as knowing, understanding, voluntary, and accurate. Accordingly, the trial court took jurisdiction over MND and CMD. Respondent now appeals.

## II. ANALYSIS

Respondent asserts the trial court's decision to take jurisdiction over the minor children was clearly erroneous because there was not "clear and convincing evidence" supporting the statutory grounds for jurisdiction under MCL 712A.2(b)(1) and (2). We disagree.

This Court reviews a trial court's factual findings underlying its decision to assume jurisdiction for clear error. *In re Kellogg*, 331 Mich App 249, 253; 952 NW2d 544 (2020). Clear error exists when " 'the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses.' " *Id*., quoting *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). The application of factual findings to a statute "presents a question of law that we review de novo." *In re Leach*, 347 Mich App 26, 30; 14 NW3d 178 (2023).

" 'To acquire jurisdiction, the factfinder must determine by a preponderance of the evidence that the child comes within the statutory requirements of MCL 712A.2.' " *In re Kellogg*, 331 Mich App at 253, quoting *In re Brock*, 442 Mich 101, 108-109; 499 NW2d 752 (1993). The "clear and convincing evidence" standard respondent cites applies to the decision of whether to terminate parental rights, not whether the court has jurisdiction. *In re Frey*, 297 Mich App 242, 244; 824 NW2d 569 (2012). "A 'preponderance of the evidence' is evidence that, 'when weighed with that [evidence] opposed to it, has more convincing force and the greater probability of truth.' " *In re Boshell/Shelton*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 371973); slip op at 3 (citation omitted).

The adjudication phase of child protective proceedings determines "whether the trial court can exercise jurisdiction over the child (and the respondents-parents) under MCL 712A.2(b) so

-2-

that it can enter dispositional orders." *In re Ferranti*, 504 Mich 1, 15; 934 NW2d 610 (2019). "The court can exercise jurisdiction if a respondent-parent enters a plea of admission or no contest to allegations in the petition." *Id*., citing MCR 3.971. Absent a plea, the petitioner must prove one or more of the alleged statutory grounds for jurisdiction by a preponderance of the evidence. *In re Ferranti*, 504 Mich at 15. Our court rules require the court to advise respondents of the rights they are waiving and other consequences of their pleas. *Id*. at 9, citing MCR 3.971.

"The fact that there are statutory grounds to assume jurisdiction over one minor child does not automatically mean that there are statutory grounds to assume jurisdiction over a second minor child." *In re Kellogg*, 331 Mich App at 254. However, "[i]n cases with multiple children, the doctrine of anticipatory neglect may apply to confer jurisdiction." *Id*. at 259. The doctrine of anticipatory neglect suggests that a parent's treatment of one child "is certainly probative of how that parent may treat other children." *In re LaFrance Minors*, 306 Mich App 713, 730; 858 NW2d 143 (2014) (quotation marks and citation omitted). Under this theory, courts may take jurisdiction over children who have not been abused or neglected in certain circumstances. *In re Kellogg*, 331 Mich App at 259.

Here, respondent does not contend his plea was defective or invalid. Instead, he argues the allegations in the petition do not establish jurisdiction under MCL 712A.2(b)(1) and (2). These subsections provide as follows:

> (b) Jurisdiction in proceedings concerning a juvenile under 18 years of age found within the county:
>
> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship.
>
> * * *
>
> (2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in. [MCL 712A.2(b)(1), (2).]

Respondent is wrong. He pleaded no contest to the factual basis of the allegations in the petition. Only one statutory ground must be proven by a preponderance of the evidence, and we find ample support in the petition for the trial court's assumption of jurisdiction under MCL 712A.2(b)(2). *In re Ferranti*, 504 Mich at 15. See also MCR 3.972(E) ("In a child protective proceeding, the verdict must be whether one or more of the statutory grounds alleged in the petition have been proven.").

With respect to Subsection 2(b)(2), respondent argues the petition is insufficient because it does not mention conditions in the home. Therefore, respondent argues, the home cannot be deemed an unfit place for MND and CMD to live. He fails to acknowledge, however, that MCL

712A.2(b)(2) is not limited to the home and permits the court to assume jurisdiction when the "environment" is "unfit" for specified reasons, including criminality, which does not directly implicate home conditions. Moreover, the petition indicates respondent and mother reside at the same address, where respondent presumably brought MND "home" after he physically abused her in his truck outside of school. Based on the petition, the home or environment was unfit because of respondent's cruelty and criminality.

The fact that respondent had not been convicted of a crime does not change the analysis, and respondent does not argue otherwise. "[I]n order for the trial court to assume jurisdiction over the minor children on the basis of criminality, the petitioner does not need to prove that the respondent was convicted of a crime." *In re MU*, 264 Mich App 270, 279; 690 NW2d 495 (2004). Instead, the petitioner "must demonstrate by a preponderance of the evidence only that the respondent engaged in criminal behavior." *Id*.

Here, respondent was represented by counsel, and he understood when he pleaded no contest that he was waiving his right to have petitioner prove the allegations by a preponderance of the evidence, and his counsel agreed that the court could use the petition as a basis for the adjudication. The petition describes respondent engaging in criminal behavior, for which he was charged with second-degree child abuse, MCL 750.136b(3), by "knowingly or intentionally commit[ting] an act likely to cause serious physical or mental harm to a child" or "an act that is cruel to a child regardless of whether harm results." MCL 750.136b(3)(b) and (c). As summarized above and in the petition, after the mother received a phone call from CPS, respondent drove to the school, removed MND, and then struck and slapped MND with an open hand and closed fist, strangled her, and told her he wanted to kill her. Respondent, an adult male, inflicted serious physical harm to MND and also likely caused mental harm to her.

Because of respondent's criminality, the trial court did not clearly err in concluding by a preponderance of the evidence that sufficient facts supported taking jurisdiction over MND under MCL 712A.2(b)(2).

And, in the context of this case, sufficient facts also existed to take jurisdiction over CMD under the doctrine of anticipatory neglect, and respondent does not argue to the contrary. While CMD is 11 years younger than MND, she lived with respondent, mother, and MND. Respondent's abuse of MND is probative evidence of how he would treat CMD, whose youth makes her more susceptible to physical abuse. *In re LaFrance Minors*, 306 Mich App at 730. The trial court did not clearly err in finding that the petition showed, by a preponderance of the evidence, CMD's home or environment is unfit by reason of respondent's criminality. MCL 712A.2(b)(2).

Affirmed.

/s/ Matthew S. Ackerman
/s/ Mariam S. Bazzi
/s/ Andrew J. Lievense

-4-